# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| NATIONWIDE LIFE INSURANCE CO., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)  Case No: CV-08-S-561-NE |
| BONNIE BLUE W. MCDANIEL, SUSAN LOVE LEA WOODARD, AND BETH WOODARD SHEEHAN, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is an interpleader action. The pleadings state that the funds deposited with the court are the proceeds from an insurance policy insuring the life of the defendants' father, now deceased. Originally, all three defendants were named as beneficiaries. The policy was later changed, however, designating only Bonnie Blue W. McDaniel and Susan Love Lea Woodard as beneficiaries.

The record reflects that defendant Beth Woodard Sheehan was properly served in this matter and has failed to answer or otherwise respond. "The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted." *General Acc. Group v. Gagliardi,* 593 F.Supp. 1080, 1089 (D.C. Conn.

1984). "Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund." *Nationwide Mut. Fire Ins. Co. v. Eason* 736 F.2d 130, 133 n. 4 (4th Cir. 1984).

McDaniel and Woodard agree that they and not Sheehan are entitled to the money paid into court, and they agree that the proceeds are to be divided between them according to the latest terms of the policy, the terms of which the court is presently unaware. They have filed affidavits attesting to that effect, and have attached the policy at issue in this case. All of the evidence demonstrates that McDaniel and Woodard are entitled to equally split the proceeds currently paid into the court.

On February 13, 2009, the magistrate recommended thatit be ordered, adjudged, and decreed that Beth Woodard Sheehan has no claim to or interest in the said proceeds. He also recommended that the proceeds be ordered divided between Bonnie Blue W. McDaniel and Susan Love Lea Woodard, equally, according to the terms of the current policy. No objections to that recommendation have been filed.

The undersigned makes the following findings of fact based on the evidence in the record:

1. Bonnie Blue (Woodard) McDaniel, Susan Love Lea Woodard, and Beth Woodard Sheehan are all defendants in this action. They are all sisters.

2. Bonnie Blue (Woodard) McDaniel, and Susan Love Lea Woodard are

        the only beneficiaries under their deceased fathers' life insurance policy with Nationwide Life Insurance Company.

3.     Under the terms of the policy Bonnie Blue (Woodard) McDaniel, and Susan Love Lea Woodard are to share the proceeds of that policy equally.

4.     The policy in question insured their father's life in the amount of $100,000.00.

5.     The defendants' father died January 6, 2008.

6.     At the time of the father's execution of the beneficiary form designating Bonnie Blue (Woodard) McDaniel, and Susan Love Lea Woodard as beneficiaries under the policy the father did not suffer from any ailment or infirmity that would negate his ability to make such a designation.

Having carefully considered *de novo* all of the materials in the file, including the aforementioned affidavits and exhibits thereto, as well as the magistrate's report and recommendation, the court concludes that the recommendation is due to be, and it hereby is, ADOPTED, and the recommendation is ACCEPTED. An appropriate order will be entered.

        DONE this 7th day of April, 2009.

                                                                 _____
                                                                  United States District Judge